UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEREK N. JARVIS,

    *Plaintiff*,

v.

KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration, *et al.*,

    *Defendants.*

No. 21-cv-1523 (DLF)

**MEMORANDUM OPINION**

Derek Jarvis, proceeding *pro se*, brings claims against the United States of America, the Social Security Administration (the Agency), and Acting Commissioner Kilolo Kijakazi[1] for violations of the Civil Rights Act, human rights, and the Constitution. Before the Court is the government's Motion to Dismiss. For the reasons stated below, the Court will grant the motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

I.    BACKGROUND

Jarvis is a sixty-one-year-old resident of Maryland who has been unable to work since 2007 due to multiple disabilities. Compl. ¶¶ 1, 5, 15, Dkt. 1; Pl.'s Opp'n at 13, Dkt. 11; Jarvis Decl. ¶¶ 2, 13, Dkt. 11-1.[2] The Agency has denied Jarvis's disability claims since 2007. Pl.'s Opp'n at 13. Jarvis filed this action on June 3, 2021, alleging a pattern of bad faith, fraud, negligence, and racially predetermined benefit awards by the Agency. *See generally* Compl. As support, Jarvis

---

[1] Per Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted for her predecessor.

[2] Because Jarvis proceeds pro se, the Court will consider facts alleged in all of Jarvis's filings. *See Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

cites other claimants, including Jarvis's brother, who have the same disabilities yet receive benefits, Compl. ¶ 1, a *Sixty Minutes* segment that found Caucasian claimants receive disabilities despite not having a disability, *id.* ¶¶ 2, 7, 38, and Agency employees who informed Jarvis that the decisions by the Agency's Administrative Law Judges are predetermined before the hearing, *id.* ¶¶ 11, 36.  He brings claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act, 42 U.S.C. §§ 1981–83, 1985–86, and other unnamed "Human Rights Violations by Social Security Administration," Compl. at 12, which the Court will construe as a claim under the District of Columbia Human Rights Act (DCHRA), D.C. Code §§ 2–1401.01, *et seq*.

Despite claims that appear to attack the legitimacy of the Agency's disability determination, Jarvis explicitly states this case is not an appeal of the Agency's determination of benefits.  Pl.'s Opp'n at 13 ("[T]his is a complaint for violations of the constitution under federal statutes listed in complaint, not a disability complaint.").[3]  Furthermore, while Jarvis's pleadings reference a FOIA request for Agency data he planned to use to corroborate his claims, *see* Compl. at 12; Pl.'s Opp'n at 7, 13; Jarvis Decl. ¶¶ 4, 16, that FOIA request was already resolved in a different case and is not at issue before this Court.  *See Jarvis v. Comm'r, Soc. Sec. Admin.*, No. 18-5170, 2018 WL 6722401, at *1 (D.C. Cir. Dec. 18, 2018) (affirming summary judgment for the Agency in Jarvis's FOIA case).  Before the Court is only the claim that the United States,

---

[3] After briefing was complete, Jarvis submitted "newly discovered evidence" from an employee with Maryland Disability Determination Services, who purportedly told him that the D.C. Social Security Administration Office lacked jurisdiction to adjudicate Jarvis's claims because he is a Maryland resident.  Pl.'s Suppl. Opp'n, Dkt. 15.  To the extent that Jarvis now seeks to challenge the Agency's determination, despite his earlier representation that he does not, his claim fails because he has already exhausted his appeals for that claim.  *See* Pl.'s Opp'n Ex. 2, Dkt. 11-2 (Agency denial of Jarvis's request for review of Administrative Judge's denial); *Jarvis v. Berryhill*, 697 Fed. App'x 251 (4th Cir. 2017) (affirming district court's order upholding that denial).

Agency, and Commissioner engage in systematic civil rights, human rights, and constitutional violations.

On September 25, 2022, the government filed a motion to dismiss under Rule 12(b)(1) on, among other things, sovereign immunity grounds.  Def.'s Mot. to Dismiss, Dkt. 9.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When deciding a motion under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions."  *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).  The court may consider documents outside the pleadings to evaluate whether it has jurisdiction.  *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  A court that lacks jurisdiction must dismiss the action.  *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

## III.    ANALYSIS

Sovereign immunity bars suits against the United States, its agencies, and its employees sued in their official capacities, absent a waiver.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Such a waiver "cannot be implied but must be unequivocally expressed."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. King*, 395 U.S. 1, 4 (1969)).  Sovereign immunity is "jurisdictional in nature."  *Meyer*, 510 U.S. at 475.  Because Jarvis's claims against the United

States, the Agency, and its Commissioner are barred by sovereign immunity, the Court will dismiss them for lack of subject-matter jurisdiction.

First, Jarvis brings several claims against the federal government defendants under the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. But the Civil Rights Act only applies to states; "[t]hese statutes, by their terms, do not apply to actions against the United States." *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987); *see also Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982). Accordingly, they cannot constitute a waiver of the United States' sovereign immunity.

Second, Jarvis's human rights claims fail for the same reason. To the extent these claims are brought under the DCHRA, *see* D.C. Code §§ 2–1401.01, *et seq.*, that statute cannot waive federal sovereign immunity because it "was enacted by the D.C. City Council, and not the United States Congress." *Jordan v. Evans*, 404 F. Supp. 2d 28, 31 (D.D.C. 2005). Jarvis has pointed to no other statute waiving federal sovereign immunity for general human rights claims, and the Court is not aware of one.

Third, the Court likewise has no jurisdiction over Jarvis's constitutional claims. "[S]uits for damages against the United States under . . . the Constitution are barred by sovereign immunity." *Benoit*, 608 F.3d at 20 (citing *Clark v. Library of Cong.*, 750 F.2d 89, 103–05 (D.C. Cir. 1984)). The same applies to damages claims against the Agency and the Commissioner in her official capacity. *Id.*; *Meyer*, 510 U.S. at 476. Jarvis's invocation of the Federal Tort Claims Act does not change this conclusion: that statute waives sovereign immunity for certain common law torts, but not constitutional violations. *Meyer*, 510 U.S. at 478 ("[T]he United States simply has

not rendered itself liable under [the FTCA] for constitutional tort claims."). Furthermore, to the extent Jarvis's claims seek equitable relief, *see* Compl. ¶ 4; Pl.'s Opp'n at 6, they still fail: an injunction seeking reimbursement of allegedly wrongfully withheld benefits is likewise barred by sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Each of the cases Jarvis cites in opposition, *see* Pl.'s Opp'n at 2, 9–10, are inapposite the question of federal sovereign immunity. *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335, 337 (1986) (discussing qualified and absolute immunity); *Harlow v. Fitzgerald*, 457 U.S. 800, 805–07, 818 (1982) (discussing qualified immunity); *Murphy v. Smith*, 844 F.3d 653, 658–59 (7th Cir. 2016) (discussing "Illinois's sovereign immunity rule").

No other liberal construction of Jarvis's claims would save them. For instance, although monetary damages suits may proceed in limited circumstances against federal officials in their personal capacities, *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), a *Bivens* remedy is not available here because of the "elaborate remedial scheme devised by Congress" for "the improper denial of Social Security disability benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). And while an injunction seeking prospective relief may not be barred by sovereign immunity, *see Ex Parte Young*, 209 U.S. 123, 159–60 (1908), Jarvis would not have standing to bring such a claim. He has not alleged in his complaint or briefs that he is "immediately in danger of sustaining some direct injury as the result of the challenged official conduct" that is "both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks omitted); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) (plaintiffs must show likelihood of future discrimination to have standing for prospective injunction).

## CONCLUSION

For the foregoing reasons, the Agency's motion to dismiss is granted. A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
September 26, 2022                                                         United States District Judge